IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-50417
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS AARON FLORES; EDGAR ENRIQUE
FLORES; ROBERTO AGUILAR-RODRIGUEZ,

Defendants-Appellants.

_____

No. 99-50508
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADELUPE FLORES,

Defendant-Appellant.

_____

Appeals from the United States District Court for the
Western District of Texas
USDC No. 99-CR-3-1
USDC No. 99-CR-3-2
USDC No. 99-CR-3-3
USDC No. 99-CR-3-4
_____

March 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jesus Aaron Flores ("Aaron"), Edgar Enrique Flores ("Edgar"), Guadelupe Flores ("Guadelupe"), and Roberto Aguilar-Rodriguez ("Aguilar") appeal from their convictions of importation of marijuana, possession with intent to distribute marijuana, conspiracy to import marijuana, and conspiracy to possess with intent to distribute marijuana. Aaron, Edgar, and Guadelupe contend that law enforcement agents lacked reasonable suspicion to stop their vehicles. Edgar contends that agents lacked reasonable suspicion to detain him. Aaron and Aguilar contend that the evidence was insufficient to support their convictions. Although Aaron and Guadelupe attempt to adopt the claims raised by each other and by the other appellants as provided by FED. R. APP. P. 28(i), this court does not allow an appellant to adopt fact-specific challenges, such as sufficiency of the evidence, to support a conviction or sentence. See United States v. Moser, 123 F.3d 813, 819 n.3 (5th Cir. 1997). We allow Aaron to adopt Edgar's argument regarding the stop of the vehicle in which both rode. We do not allow Aaron to adopt any other arguments made in any other appellant's brief, and we do not allow Guadelupe to adopt any arguments made in any other appellant's brief.

There was no stop of the Chevrolet Lumina in which Aaron and Edgar rode. The vehicle was stopped and its occupants were standing outside when Agent Scott Roddy approached the vehicle. Agent Roddy did not say or do anything before requesting a canine that would lead a reasonable person to believe that he was not free

to leave.  <u>Florida v. Bostick</u>, 501 U.S. 429, 434 (1991).  No evidence from the vehicle itself, or arising from the ultimate detention of the vehicle or its occupants, was introduced against Aaron and Edgar; we need not consider any contentions regarding the detention of that vehicle or its occupants following the conversation with Roddy.  <u>United States v. Lewis</u>, 621 F.2d 1382, 1389 (5th Cir. 1980).

Guadelupe's vehicle, a Chevrolet Cavalier, was stopped for speeding; the stop was appropriate, even if the stop was pretextual.  <u>Whren v. United States</u>, 517 U.S. 806, 813 (1996).  The continued detention of Guadelupe for some period was justified by Guadelupe's driving without a license.  See <u>Barrett v. State</u>, 718 S.W. 2d 888, 890 (Tex. Ct. App. 1986).  Guadelupe does not contend that his detention became unreasonable at some point, <u>see</u> <u>United States v. Dortch</u>, 199 F.3d 193, 198 (5th Cir. 1999); we do not address any such issue.  The canine alert to Guadelupe's vehicle provided probable cause to search the trunk of the car, where marijuana was found.  *Id*.

There was substantial evidence in the record from which the district court could have found Aaron and Aguilar guilty beyond a reasonable doubt.  <u>United States v. Ybarra</u>, 70 F.3d 362, 364 (5th Cir. 1995).  The sensor pattern and the law enforcement agents' observations indicated that the Lumina, the Shadow, and the Cavalier traveled from Mexico in a caravan, with the Lumina acting as a lead car and the Cavalier acting as a load car, and the

Cavalier was registered to Aaron. However, the defendants denied traveling with other people in other cars. Aguilar appeared excessively nervous to Graham after he was stopped, and the occupants of the Lumina looked rapidly back and forth at each other during their encounter with Roddy. Aaron and Aguilar stipulated to the presence of around 90 kilograms of marijuana. The district court could have inferred that Aaron and Aguilar exercised joint and constructive possession of the marijuana in the Cavalier; that they intended to distribute the marijuana; that the marijuana was imported from Mexico; and that Aaron and Aguilar knowingly participated in conspiracies to import marijuana and to possess with intent to distribute marijuana. United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir. 1993) (possession with intent to distribute); United States v. Lopez, 979 F.2d 1024, 1031 (5th Cir. 1992)(inferring intent to distribute from drug amount); United States v. Ojebode, 957 F.2d 1218, 1223 (5th Cir. 1992)(importation of drugs); United States v. Ayala, 887 F.2d 62, 67 (5th Cir. 1989)(drug conspiracy).

A F F I R M E D.